UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vincent Williams, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br><br><br><br> -v.-<br><br>MRS BPO, L.L.C. d/b/a MRS Associates,<br><br><br>      Defendant(s). | Civil Action No: 7:21-cv-6656<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Vincent Williams, (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant MRS BPO, L.L.C. d/b/a MRS Associates (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Westchester.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 1930 Olney Ave., Cherry Hill, NJ 08003 and an address for service of process at Cogency Global Inc. f/k/a National Corporate Research, Ltd., 122 E. 42nd Street, 18th Fl., NY, NY 10168.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant sent an initial collection letter attempting to collect a consumer debt;

   c. for which the "Merchant" is listed as "Synchrony Networks";

   d. and the "Creditor" is listed as "Synchrony Bank";

   e. without providing any further creditor information in the letter;

   f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692e and l692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

  b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue

   is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692e and l692g et seq.

  c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

  d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.     Some time prior to March 18, 2021, on a date better known by Defendant, upon information and belief, an obligation was incurred to a creditor, Synchrony Bank. The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes.

21.     Synchrony Bank is a "creditor" as defined by 15 U.S.C. § 1692a (4).

22.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.     Upon information and belief, Synchrony Bank contracted Defendant for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

*Violation – March 18, 2021 Collection Letter*

25.     On or about March 18, 2021, the Defendant sent the Plaintiff an initial collection letter ("Letter") regarding the subject debt. (See Letter at Exhibit A.)

26.     As an initial matter, the Letter is addressed to "Vicent Williams." Plaintiff's name is Vincent Williams.

27. This mistake confused the Plaintiff as he thought the account in question may not be his at all, or subject to fraud.

28. In relevant part, the Letter records the following information:

>Merchant: Synchrony Networks
>
>Creditor: Synchrony Bank

29. In the body of the text, Defendant states: "The above referenced creditor has placed your account with our office for collection."

30. However, upon information and belief, Plaintiff did not incur a debt from Synchrony Bank or Synchrony Networks.

31. Plaintiff does not recall ever purchasing items from Synchrony Bank or Synchrony Networks.

32. Plaintiff is not familiar with the entity called Synchrony Bank or Synchrony Networks.

33. Defendant failed to provide Plaintiff with a creditor's or merchant's name that would be recognizable by a consumer.

34. Synchrony Networks and Synchrony Bank do not refer to a store name or a company with whom consumers buy goods.

35. Although Defendant refers to Synchrony Networks as a "merchant," this term is misleading.

36. Black's Law Dictionary defines a "merchant" as "[o]ne who is engaged in the purchase and sale of goods; a trafficker; a retailer; a trader. Term commonly refers to person who purchases goods at wholesale for resale at retail . . . ." Black's Law Dictionary 987 (6th ed. 1990).

37. Plaintiff did not purchase any goods from a retail store called Synchrony Networks.

38. Defendant uses the term "creditor" but does not specify if this is the current creditor, original creditor, or both.

39. The collection letter fails to clearly or explicitly convey the name of the creditor to whom the debt was owed.

40. The collection letter is deceptive as it fails to identify the creditor.

41. In result, the Plaintiff incurred an informational injury as Defendant misstated the the name of the creditor to whom the debt is owed.

42. The collection letter is open to more than one reasonable interpretation from the perspective of the least sophisticated consumer:

   a) Synchrony Bank is the current creditor who purchased the debt from an unidentified original creditor;

   b) Synchrony Bank is the original creditor and the current creditor and Plaintiff did not purchase any goods from this creditor;

   c) Synchrony Bank is an incorrect label to refer to a creditor from whom Plaintiff allegedly purchased consumer goods and with whom Plaintiff may be familiar.

43. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

44. Defendant's collection efforts with respect to the subject debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

45. Generally, these representations are material because they are likely to affect a consumer's choice or conduct regarding how to respond to an allegedly outstanding debt claim and are likely to mislead consumers acting reasonably under the circumstances.

46. Specifically, Defendant's careless, deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because from the letter, Plaintiff could not determine if he owed the debt.

47. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

48. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

49. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

50. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

51. Now, consumers have a right to receive proper notice of the name of the creditor to whom the debt is owed. When a debt collector fails to effectively inform the consumer of the name of the creditor to whom the debt is owed, in violation of statutory law, the debt collector has harmed the consumer.

52. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

55. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56. Defendant violated §1692e:

   a. As the letter is open to more than one reasonable interpretation;

   b. As the letter fails to effectively provide Plaintiff with the name of the creditor to whom the debt is owed, the letter falsely represents the character of the debt, in violation of §1692e (2); and

   c. By making a false and misleading representation in violation of §1692e (10).

57. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

60. Pursuant to 15 U.S.C. §1692g:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

61. Defendant violated §1692g(a)(2) by failing to state the name of the creditor to whom the debt is owed.

62. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

63. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Vincent Williams, individually and on behalf of all others similarly situated, demands judgment from Defendant MRS BPO, L.L.C. d/b/a MRS Associates as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 6, 2021                                                   Respectfully Submitted,

**STEIN SAKS, PLLC**
 **/s/ Tamir Saland**
Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph:  201-282-6500 ext. 122
Fax: 201-282-6501
tsaland@steinsakslegal.com

*Counsel for Plaintiff*