UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VINCENT WILLIAMS, individually and on behalf
of all others similarly situated,

                                    Plaintiff,                 **OPINION & ORDER**

   - against -                                 No. 21-CV-6656 (CS)

MRS BPO, L.L.C. d/b/a MRS ASSOCIATES,

                                  Defendant.
------------------------------------------------------------x

<u>Appearances</u>:

Tamir Saland
Stein Saks, PLLC
Hackensack, New Jersey
*Counsel for Plaintiff*

Michael T. Etmund
Moss & Barnett, PA
Minneapolis, Minnesota
*Counsel for Defendant*

<u>Seibel, J.</u>

       Before the Court is Defendant's motion to dismiss.  (ECF No. 12.)  For the following

reasons, the motion is GRANTED.

## I.      **BACKGROUND**

       I accept as true the facts, but not the conclusions, set forth in Plaintiff's Complaint, (ECF

No. 1 ("Compl.")).

A.      **Facts**

This Fair Debt Collection Practices Act ("FDCPA") dispute arises out of a debt collection letter (the "Letter" or "Defendant's Letter") sent to Plaintiff on or about March 18, 2021 by Defendant MRS BPO, LLC on behalf of non-party Synchrony Bank.  (*See id.* Ex. A.)[1]

Defendant sent the Letter to Plaintiff's address but addressed it to "Vicent Williams." (*Id.* ¶¶ 25-26, Ex. A.)  Below this apparent misspelling of Plaintiff's name, his address, and the date, the Letter provides the following information:

> MERCHANT:  Synchrony Networks
> CREDITOR:  SYNCHRONY BANK

(*Id.* Ex. A.)  The Letter also lists an MRS account number, a creditor account number, and the $7,164.26 balance allegedly owed.  (*Id.*)  The first line of the Letter reads, "The above referenced creditor has placed your account with our office for collection."  (*Id.*)  The Letter also provides a validation notice:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id.*)  Finally, the bottom of the Letter reads, "This is an attempt to collect a debt and any information obtained will be used for that purpose.  This communication is from a debt collector."  (*Id.*)

---

[1] Plaintiff alleges, and Defendant does not dispute, that he is a "consumer," Synchrony Bank is a "creditor," the sum owed is a "debt," and Defendant is a "debt collector," as each of those terms is defined in the FDCPA.  (Compl. ¶¶ 21-24.)

Plaintiff alleges that he is not familiar with Synchrony Bank or Synchrony Networks, nor does he recall making a purchase from either entity or incurring a debt with either entity. (*Id.* ¶¶ 30-32.)

### B.   Procedural History

On August 6, 2021, Plaintiff filed the Complaint "individually and on behalf of all others similarly situated," alleging that Defendant's Letter violated the FDCPA – specifically, 15 U.S.C. §§ 1692e and 1692g(a)(2). (*Id.* ¶¶ 5, 54-56, 61.) On September 2, 2021, Defendant filed a pre-motion letter in contemplation of a motion to dismiss. (ECF No. 6.) Plaintiff responded on October 5, (ECF No. 9), and the Court held a pre-motion conference on October 13, (*see* Minute Entry dated Oct. 13, 2021. The instant motion followed.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (cleaned up) (quoting Fed. R. Civ. P. 8(a)(2)).

On a motion to dismiss, a court is generally confined to the four corners of the complaint, the documents incorporated in or attached thereto, documents on which the plaintiff relied in bringing the case, and things of which it is entitled to take judicial notice. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013). Here, in addition to the Complaint, I also consider Defendant's Letter, which was attached to and relied on throughout the Complaint. *See, e.g.*, *Rios v. Pinnacle Fin. Grp., Inc.*, No. 05-CV-10290, 2006 WL 2462899, at *2 & n.1 (S.D.N.Y. Aug. 23, 2006) (considering collection letter attached to complaint to determine whether the plaintiff stated an FDCPA claim).

III. **<u>DISCUSSION</u>**

A. **<u>The Fair Debt Collection Practices Act</u>**

Plaintiff alleges that Defendant's Letter:  (1) violates 15 U.S.C. § 1692g(a)(2) by failing to state the name of the creditor to whom the debt is owed; and (2) violates 15 U.S.C. § 1692e because it is open to more than one reasonable interpretation, falsely represents the character of

the debt by failing to effectively provide the name of the creditor to whom the debt is owed, and makes a false and misleading representation.  (Compl. ¶¶ 54-56, 61.)

       **1.**      **Section 1692g**

Section 1692g(a) mandates that in its initial communication with a consumer (or within five days of it), a debt collector must send the consumer a written notice containing, among other things, "the name of the creditor to whom the debt is owed," 15 U.S.C. § 1692g(a)(2), and a statement that the consumer has thirty days to notify the debt collector in writing that the consumer disputes the debt, whereupon the debt collector will obtain verification of the debt and mail it to the consumer, 15 U.S.C. § 1692g(a)(4).  This communication, "commonly referred to as a 'validation notice,' gives the consumer the information necessary to challenge the debt allegedly owed before making payment."  *Russell v. Equifax A.R.S.*, 74 F.3d 30, 32-33 (2d Cir. 1996).

"The thirty-day window is not a 'grace period'; in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and to continue collection activity." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008); *see Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 660 (S.D.N.Y. 2006) ("[D]uring the validation period, the debtor's right to dispute coexists with the debt collector's right to collect.") (cleaned up).  But § 1692g(b) provides, in part, that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b). This means that a debt collector has "the obligation, not just to convey the [validation notice], but to convey it clearly."  *Jacobson*, 516 F.3d at 90.  Accordingly, the Second Circuit has held that a debt collector violates § 1692g "even if the collector includes an accurate validation notice,

if that notice is overshadowed or contradicted by other language in communications to the

debtor."  *Id.*  "A notice overshadows or contradicts the validation notice if it would make the

least sophisticated consumer uncertain as to her rights."  *Id.* (cleaned up).

### 2.      Section 1692e

Section 1692e generally prohibits the use of "any false, deceptive, or misleading

representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  At

issue in this case are two provisions of that section:  (1) § 1692e(2), which prohibits a "false

representation of the character, amount, or legal status of any debt," *id.* § 1692e(2); and

(2) § 1692e(10), which is "a catch-all provision that bars '[t]he use of any false representation or

deceptive means to collect or attempt to collect any debt or to obtain information concerning a

consumer,'" *Altman v. J.C. Christensen & Assocs.*, 786 F.3d 191, 194 (S.D.N.Y. 2015)

(alteration in original) (quoting 15 U.S.C. § 1692e(10)).  "The standard for determining a

violation of § 1692e(10) is essentially the same as that for § 1692g."  *Foti*, 424 F. Supp. 2d at

666-67 (collecting cases); *see Barrientos v. Law Offs. of Mark L. Nichter*, 76 F. Supp. 2d 510,

513 (S.D.N.Y. 1999) ("Even if a defendant provides the requisite validation notice under 1692g,

it may still be liable under § 1692g and § 1692e(10) if it sends a . . . communication within the

validation period that 'overshadows or contradicts' such notice . . . .").

### 3.      Least Sophisticated Consumer Standard

"In the Second Circuit, the question of whether a debt collector's conduct violates the

FDCPA is determined objectively from the viewpoint of the 'least sophisticated consumer.'"

*Beauchamp v. Fin. Recovery Servs., Inc.*, No. 10-CV-4864, 2011 WL 891320, at *2 (S.D.N.Y.

Mar. 14, 2011) (quoting *Jacobson*, 516 F.3d at 90).  "The least sophisticated consumer test is an

objective inquiry directed toward ensuring that the FDCPA protects all consumers, the gullible as

well as the shrewd." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (*per curiam*) (cleaned up). "The hypothetical least sophisticated consumer does not have the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (cleaned up). Consequently, this standard does not allow for unreasonable, bizarre, or idiosyncratic interpretations of collection notices, and "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (cleaned up); *see Weber v. Comput. Credit, Inc.*, 259 F.R.D. 33, 38 (E.D.N.Y. 2009) ("It is assumed that even the least sophisticated consumer will read a debt collection letter in its entirety."). The least sophisticated consumer inquiry "is to be conducted with a recognition that confusion can occur in a myriad of ways, such as when a letter visually buries the required validation notice, contains logical inconsistencies, fails to explain an apparent inconsistency, or presents some combination of these (or similar) vices." *Pollard v. Law Off. of Mandy L. Spaulding*, 766 F.3d 98, 104 (1st Cir. 2014). "[B]ecause the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law that the Court may resolve on a motion to dismiss." *Jones-Bartley v. McCabe, Weisberg & Conway, P.C.*, 59 F. Supp. 3d 617, 642 (S.D.N.Y. 2014) (cleaned up); *see Franzos v. Pinnacle Credit Servs. LLC*, 332 F. Supp. 2d 682, 685 (S.D.N.Y. 2004) ("[T]he Second Circuit has found that it is appropriate for district courts to treat judgments about the way in which the least sophisticated consumer would interpret a particular debt collection notice as questions of law.").

4.      **Application**

Defendant's Letter satisfies 15 U.S.C. § 1692g(a)(2) by clearly identifying the creditor as

Synchrony Bank in the text box under the date.  (Compl. Ex. A); *see Fogle v. Am. Coradius Int'l,*

*LLC*, No. 19-CV-6227, 2021 WL 1108557, at *4 (E.D.N.Y. Mar. 23, 2021) ("The least

sophisticated consumer, who is expected to read the Letters with care, would understand that

Synchrony Bank is the creditor since it is explicitly labeled as 'creditor' or the 'current

creditor.'").  The Letter does not name any other creditor, and it provides further clarity

regarding the current ownership of the debt by notifying the consumer that "[t]he *above*

*referenced creditor* has placed your account with our office for collection."  (Compl. Ex. A)

(emphasis added); *see Wright v. Phillips & Cohen Assocs., Ltd.*, No. 12-CV-4281, 2014 WL

4471396, at *5 (E.D.N.Y. Sept. 10, 2014) (language explaining that debt collector sought to

collect on behalf of "above referenced client" sufficient to notify consumer that the referenced

client was the current creditor).

The Letter is also not false, misleading, or deceptive in violation of § 1692e.

"[C]ollection notices can be deceptive if they are open to more than one reasonable

interpretation, at least one of which is inaccurate."  *Easterling*, 692 F.3d at 233 (cleaned up).

Plaintiff alleges that the collection letter is open to the following reasonable interpretations from

the perspective of the least sophisticated consumer:  (1) "Synchrony Bank is the current creditor

who purchased the debt from an unidentified original creditor"; (2) "Synchrony Bank is the

original creditor and the current creditor and Plaintiff did not purchase any goods from this

creditor"; and (3) "Synchrony Bank is an incorrect label to refer to a creditor from whom

Plaintiff allegedly purchased consumer goods and with whom Plaintiff may be familiar."

(Compl. ¶ 42.)  But presuming that the least-sophisticated consumer would read the Letter "in its

entirety," *see Weber*, 259 F.R.D. at 38, the explanation that "[t]he above referenced creditor has

placed your account with our office for collection" allows for only one reasonable interpretation:

that the sole entity identified as a "Creditor" – Synchrony Bank – currently owns the debt and is

attempting to collect.  That information – the "name of the creditor to whom the debt is owed,"

15 U.S.C. § 1692g(a)(2) – is exactly what Defendant was obligated to communicate clearly and

unambiguously under the FDCPA.

       Contrary to Plaintiff's argument, the FDCPA does not require a debt collector to surmise

an entity with which a consumer is familiar and include the name of that entity in its initial

communication.  *See Taylor v. Am. Coradius Int'l, LLC*, No. 19-CV-4890, 2020 WL 4504657, at

*3 (E.D.N.Y. Aug. 5, 2020) ("[T]here is simply no requirement in the statute that a debt-

collection notice clearly describe *every step* in the chain of ownership that the debt travels to

arrive in the current creditor's possession.") (emphasis in original); *Parker v. Mandarich L. Grp.,

LLP*, No. 19-CV-6313, 2021 WL 2351177, at *12 (E.D.N.Y. June 9, 2021) ("[E]ven if plaintiff

did not recognize Galaxy International Purchasing, LLC as the current creditor, there is no

requirement under the FDCPA that the defendant notify the plaintiff of a sale of plaintiff's

debt.").  Nor is a reasonable consumer deceived because the information presented could

theoretically be inaccurate or an "incorrect label" – that is the sort of bizarre or idiosyncratic

interpretation that is outside the scope of what a reasonable, if unsophisticated, consumer would

understand.

       In this vein, Plaintiff argues that Defendant failed to name the creditor in a way that the

least sophisticated consumer would likely understand, in violation of both § 1692g and § 1692e.

(*See* ECF No. 11 ("P's Opp.") at 4-6.)  Plaintiff contends that the Letter's use of the creditor's

"technical legal name," without "common sense, background context that would likely lead the

least sophisticated consumer to understand who the creditor is," violates the FDCPA if the consumer is unfamiliar with the named creditor. (*Id.* at 9.) Plaintiff argues that this is such a case: he does not remember doing any business with the creditor, and thus, he argues, Defendant was required to supply additional, or different, information to satisfy the FDCPA. (*Id.*) But this argument reads into the FDCPA a nonexistent requirement that is unsupported by Plaintiff's cases (which are, in any event, from outside this Circuit and not binding on this Court). Plaintiff cites *Maximiliano v. Simm Associates*, which stands for the proposition that identifying the creditor by a commonly known or trade name instead of the entity's technical name does not violate the FDCPA. *See Maximiliano v. Simm Assocs.*, No. 17-CV-80341, 2018 WL 783104, at *4 (S.D. Fla. Feb. 8, 2018) ("The FDCPA does not specify how the creditor must be named or otherwise provide a definition for the word 'name' in the statute. . . . '[A] debt collector may use the creditor's full business name, the name under which the creditor usually transacts business, or a commonly used acronym.'") (quoting *Leonard v. Zwicker & Assocs.*, 713 F. App'x 879, 883 (11th Cir. 2017)).[2] But neither *Maximiliano* nor any of Plaintiff's other cases hold that a collection letter *must* include a creditor's commonly known or recognizable trade name. Rather, all Defendant was required to do was to identify the creditor clearly and accurately, which it did. *See, e.g.*, *Glick v. Client Servs., Inc.*, No. 18-CV-913, 2020 WL 6018866, at *2 (E.D.N.Y. Sept. 29, 2020) ("The Court's role in assessing whether a letter comports with § 1692g(a)(2)'s requirements is to assess whether the least sophisticated consumer . . . would have been aware

---

[2] *Demonte v. Client Services, Inc.*, which held that a collection letter that named the credit card, rather than the financial institution that issued the credit card, did not violate the FDCPA because it did not falsely identify the credit card as the creditor, *see Demonte v. Client Servs., Inc.*, No. 14-CV-14511, 2015 WL 12556159, at *3 (S.D. Fla. July 29, 2015), similarly does not support Plaintiff's argument.

that the name of the creditor appeared in the letter.") (cleaned up), *appeal dismissed*, No. 20-

3472 (2d Cir. Jan. 8, 2021).[3]

Plaintiff turns to the identification of Synchrony Networks as the "Merchant," and argues

that Defendant's alleged failure to accurately identify the original creditor both obfuscates the

name of the current creditor and establishes its own independent violation of the FDCPA. (P's

Opp. at 11-12.) He argues that by introducing Synchrony Networks as the "Merchant,"

Defendant essentially opened the door to a requirement that the Letter accurately identify the

original creditor or otherwise be deemed misleading. (*Id.* at 12.) Plaintiff identifies no authority

from within this Circuit, much less binding authority, for this proposition. The cases he does cite

are distinguishable because the Defendant here did not purport to identify an "original creditor,"

but rather the "Merchant." That is, this is not the case described by the Ninth Circuit where the

"debt collector has chosen to identify the original creditor, and has done so inaccurately."

*Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1122 (9th Cir. 2014).[4] Nor is this case

like *Heathman*, *Caudillo*, or *Thomas*, on which Plaintiff relies. Those cases involved form

complaints filed in California state court that either misrepresented that the debt collector was the

original creditor, *see Caudillo v. Portfolio Recovery Assocs.*, No. 12-CV-200, 2013 WL

---

[3] Indeed, oftentimes a creditor will not have a commonly known or recognizable name. But under Plaintiff's theory, a debt collector would violate § 1692g(a)(2) by providing the actual name rather than a fabricated one. That *Maximiliano* and other cases permit a debt collector to describe the creditor using an official name or a trade name does not mean the debt collector must, or even always can, do so.

[4] Even if a consumer thought the "Merchant" and the original creditor were the same thing, Plaintiff has not plausibly pleaded that Synchrony Networks is not the original creditor. He alleges only that he does not recall doing business with that entity and that it is not a retailer. (Compl. ¶¶ 31-37.) That hardly shows that he did not obtain financing from it. In any event, because the Letter specifies that the debt collector will provide the name of the original creditor if it is different from the current creditor, the consumer has an easy way to determine if the "Merchant" and the original creditor are indeed the same thing.

4102155, at *1 (S.D. Cal. Aug. 13, 2013); *Thomas v. Portfolio Recovery Assocs.*, No. 12-CV-1188, 2013 WL 4517175, at *2 (S.D. Cal. Aug. 12, 2013), or ambiguously referred to both a named debt collector and an unnamed "predecessor" interchangeably as the Plaintiff, *Heathman v. Portfolio Recovery Assocs.*, No. 12-CV-515, 2013 WL 3746111, at *1 (S.D. Cal. July 15, 2013). Here, there is no similar conflation of the debt collector and original creditor. The identification of a "Merchant," clearly distinct from the "Creditor" to whom the debt is currently owed, simply does not give rise to the sort of confusion that would affect a consumer's decision-making about how to address the letter.

In any case, while there is some ambiguity in the description of "Synchrony Networks" as the "Merchant," that ambiguity is beside the point: even if Synchrony Networks is not a merchant responsible for engaging in a transaction for goods with Plaintiff, "[t]here is no suggestion that [Synchrony Networks] is the creditor to whom the debt is owed." *Taylor*, 2020 WL 4504657, at *3 (cleaned up). Rather, the entity to whom the debt is owed "is prominently identified . . . as Synchrony Bank." *Id.*

Further, even if the identification of Synchrony Networks as the "Merchant" is a technical misrepresentation, a misrepresentation must be material to be actionable under § 1692e. *See Cohen v. Rosicki, Rosicki & Assocs.*, 897 F.3d 75, 85 (2d Cir. 2018) (§ 1692e incorporates a materiality requirement). A statement is considered material "if it is capable of influencing the decision of the least sophisticated consumer." *Id.* (cleaned up). That an unfamiliar entity is listed as a merchant does not alone impede a reasonable consumer's ability to satisfy the debt,

12

dispute the validity of the debt, or request more information about the original creditor.  *See id.* at 86-87.[5]

Finally, the minor misspelling of Plaintiff's name is of no moment to determining whether the letter was misleading or deceptive in violation of the FDCPA.  The omission of a single letter from Plaintiff's name, especially when the Letter was clearly directed to the Plaintiff and apparently arrived at his proper address, is not misleading or deceptive, nor is it the type of abusive behavior from which the FDCPA seeks to protect consumers.  *See Goldtsein v. Diversified Adjustment Serv., Inc.*, No. 17-CV-4729, 2017 WL 5592683, *4 (E.D.N.Y. Nov. 20, 2017).  Even if this minor misspelling would give a reasonable but unsophisticated consumer pause – which is farfetched – the remainder of the Letter set out an FDCPA-prescribed process for resolving any uncertainty.  (*See* note 5 above.)

Accordingly, Plaintiff's claims are dismissed.

### B.    Leave to Amend

Leave to amend a complaint should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[I]t is within the sound discretion of the district court to grant or deny leave to

---

[5] Plaintiff pushes back against the notion that a reasonable consumer could be expected to request additional information about the provenance of a debt or challenge the validity of a debt, but these arguments are unavailing.  First, the FDCPA simply does not require that a collection letter resolve any and all questions a consumer might have about a debt, *see* 15 U.S.C. § 1692g, and a debt collector does not violate the FDCPA by providing the required information but failing to anticipate and address all questions about, for example, the provenance of the debt, *see Taylor*, 2020 WL 4504657, at *3.  Second, it is not "question begging," as Plaintiff argues, (P's Opp. at 15), to suggest that a reasonable consumer can seek validation of a debt and/or the name of the original creditor from the debt collector.  The FDCPA anticipates that a consumer may need additional information beyond that provided in the initial collection letter, which is why the statute sets out a process for the consumer to obtain that information and verification.  *See* 15 U.S.C. § 1692g(a)(4)-(5).  It thus flies in the face of the FDCPA's requirement of provision of a validation notice to suggest that the least sophisticated consumer would not understand that their recourse, should they be unfamiliar with the current creditor, is to seek validation of the debt and/or request the name of the original creditor.

amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (cleaned up).  "Leave to amend, though

liberally granted, may properly be denied" for "'futility of amendment,'" among other reasons.

*Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S.

178, 182 (1962)).

      Plaintiff has not requested leave to amend or suggested that he is in possession of facts

that would cure the deficiencies identified in this opinion.  Accordingly, the Court declines to

grant leave to amend *sua sponte*.  *See TechnoMarine SA v. Giftports, Inc*., 758 F.3d 493, 505 (2d

Cir. 2014) (plaintiff need not be given leave to amend if he fails to specify how amendment

would cure the pleading deficiencies in his complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d

Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any

indication plaintiff could or would provide additional allegations leading to different result);

*Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004) (*per curiam*) (district court did

not abuse its discretion by not granting leave to amend where there was no indication as to what

might have been added to make the complaint viable and plaintiffs did not request leave to

amend); *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (district court did not abuse its

discretion by not granting leave to amend where there were "no possible set of facts relating to [a

debt collection] letter that [plaintiff] could plead that would state a claim.").  Indeed, because

"[t]he problem[s] with [Plaintiff's] causes of action [are] substantive," and "better pleading will

not cure [them]," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), amendment would be

futile, *Trombetta v. Novocin*, 414 F. Supp. 3d 625, 634 (S.D.N.Y. 2019).

**IV.**   <u>**CONCLUSION**</u>

For the foregoing reasons, Defendant's motion is GRANTED, and Plaintiff's claims are dismissed with prejudice.  The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 12), and close the case.

**SO ORDERED.**

Dated: July 14, 2022
        White Plains, New York

_____
        CATHY SEIBEL, U.S.D.J.